UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:24-cv-4770

                Plaintiff,              **(PROPOSED) COMPLAINT**

    -against-

HAYLEY B. NEWMAN, ESQ., HEIDELL, PITTONI,
MURPHY & BACH, LLP, and DAVID DENNIS KIM,

                Defendants.
-------------------------------------------------------------------X

    Plaintiff, by their attorneys, JSL LAW OFFICES, P.C., as and for their Complaint, respectfully allege, upon information and belief as follows:

## I. PRELIMINARY STATEMENT

1. This action arises out of the professional misconduct and false statements made by the Defendants, particularly focusing on Hayley Newman, Esq. ("NEWMAN") during litigation in Minhye Park v. David Kim, M.D., resulting in significant harm to Plaintiff Minhye Park.

## II. JURISDICTION

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five thousand ($75,000) Dollars and 28 U.S.C. §§ 1331, 1334, and 1367. Plaintiffs' action for declaratory, injunctive, and /or monetary relief is authorized by 28 U.S.C. §§ 1343(a)(VI), 2201 & 2202 and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

### III. VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred here.

### IV. JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V. THE PARTIES

6. Plaintiff MINHYE PARK is at all times relevant hereto, resident of the South Korea.

7. Defendant HAYLEY B. NEWMAN, Esq., is upon information and belief, an attorney duly admitted to practice law in the Courts of the United States District Court, Eastern District of New York and represented Dr. Kim in the underlying litigation.

8. Defendant Heidell, Pittoni, Murphy & Bach ("LAW FIRM"), is, upon information and belief, and a duly constituted Professional Corporation, with offices located in the State of New York, County of New York.

9. Defendant DAVID DENNIS KIM, M.D., is a medical doctor practicing in Queens, New York, where the alleged malpractice occurred.

2

## VI. GENERAL ALLEGATIONS

*Background of Medical Incident*

10. On November 14, 2017, Plaintiff arrived in New York for travel. Eight (8) days later, on November 22, 2017, Plaintiff visited Defendant Dr. KIM after missing menstruation, and discovered as five weeks pregnant.

11. On November 27, 2027, Dr. KIM attempted a surgical termination, purportedly to terminate the pregnancy. Post-procedure, Plaintiff was misled by Dr. KIM into believing only "tiny residue" was left, necessitating immediate medical intervention.

12. Dr. Kim provided misleading and false information regarding the status of the fetus, falsely assuring the Plaintiff that the surgical procedure had been nearly complete except minor residue.

13. Suffering from continued pain and metrorrhagia, Plaintiff returned to South Korea, where she was informed by two physicians that the fetus was still alive at nine weeks and was not healthy.

14. On December 29, 2017, Plaintiff underwent a corrective surgery to remove the fetus, causing substantial physical and emotional distress.

15. Dr. Kim also made false representation in medical records and statements suggesting that Plaintiff had prior knowledge of prior two previous abortions, which Hayley NEWMAN attempted to use to challenge her claim of lack of informed consent that was already established.

16. Plaintiff initiated a medical malpractice lawsuit against Dr. KIM, alleging failure

to meet the standard of care in performing the procedure, and lack of informed consent, which had already established.

17. On October 22, 2020, Defendants Hayley NEWMAN and her law firm, began representing Dr. KIM by interposing an Answer in the lawsuit filed by Plaintiff Minhye Park.

***HEIDELL, PITTONI, MURPHY & BACH, LLP's Involvement:***

18. The law firm HEIDELL, PITTONI, MURPHY & BACH, LLP, through its partners and attorney Hayley B. NEWMAN, engaged in professional misconduct by filing frivolous motions, making false statements to the court, and delaying the litigation process to avoid compensating Plaintiff for her damages.

19. The law firm facilitated and supported the misconduct of its attorney, Hayley B. NEWMAN, by endorsing her actions, failing to supervise her conduct adequately, and allowing the continued abuse of legal procedures designed to harass and harm the Plaintiff.

20. The actions of the law firm, through its partners and associates, were part of a concerted effort to undermine the Plaintiff's case, influence the dismissal of the underlying case, and inflate their attorney fees, which constitutes a violation of both federal and state laws and professional conduct codes.

21. The law firm's involvement was integral to the misconduct and abuse experienced by the Plaintiff, as the firm provided the resources, support, and authority for Hayley B. NEWMAN's actions throughout the litigation process.

***Violation of New York Insurance Law-Fair Dealing/Bad Faith***

22. Despite knowing that Dr. KIM admitted to a breach of the professional standard of

care, NEWMAN significantly delayed the litigation process to avoid compensating Plaintiff's damages, filing frivolous motions, and false statements to the court, influencing the dismissal of the underlying case, and inflating her attorney fees, details follow.

*New York Rules of Professional Conduct. 3.3. (a)(1): False Statement, Federal Rule 27 Warrant Sanctions and Discipline*

23. On or about August 22, 2021, NEWMAN falsely stated to the Court that Plaintiff came to New York specifically for an abortion, knowing such statements were untrue.

24. On August 11, 2023, NEWMAN falsely stated that Plaintiff's prior abortion of ten (10) years ago could have caused Dr. KIM's failure to properly terminate the pregnancy, citing a Defendant's expert who did not exist.

25. However, Defendant Dr. KIM testified that had already admitted his failure and the ten-year-old abortion had no impact on his failure to remove the Plaintiff's pregnancy. Plaintiff's expert stated the same in his expert report.

26. NEWMAN groundlessly contended that Plaintiff had two (2) prior abortions and attempted to use false information about prior abortions to argue that Plaintiff should have known the procedures, despite Plaintiff establishing a lack of informed consent.

*Willful Delay of the Litigation: Violation of Fed. R. Civ. P. 26 (d), New York Rules of Professional Conduct 3.2*

27. To harass Plaintiff, NEWMAN insisted on conducting Plaintiff's deposition overnight without allowing Plaintiff adequate rest, starting from 22:00 PM (S. Korea Time) to 5:00 AM (S. Korea Time) for seven hours continuously, despite reasonable proposals from Plaintiff for a more appropriate time. This conduct was designed to harass Plaintiff physically, psychologically, and financially.

28. Contrary to Fed Rule 26 (d), despite the magistrate judge confirming no precedence

in depositions in federal courts, Plaintiff requested to depose the Defendant Dr. KIM first to promptly move forward with the litigation. However, NEWMAN kept refusing, thereby delaying the litigation process.

*Frivolous Discovery Motions:*

29. NEWMAN knowingly filed frivolous discovery motions, claiming that Plaintiff had not complied with discovery orders, despite Plaintiff having fully complied. For example, Plaintiff provided HIPAA authorizations for ten years and medical records, including ultrasounds and photos, multiple times. Plaintiff testified her lost earning but had no prior year tax returns, suggesting her lost earnings be calculated based on the New York or South Korea minimum wage. Nonetheless, NEWMAN kept demanding the non-existent prior year income records. Additionally, NEWMAN willfully continued to request Plaintiff's expert reports despite having agreed on November 11, 2020, that Plaintiff would not hire an expert because Dr. KIM had already admitted his failure. Plaintiff nonetheless submitted an expert report on September 12, 2021, including the expert's name, specialties and experience.

However, NEWMAN kept requesting a separate report of the expert's name, specialties and experience. Moreover, HAYLEY NEWMAN asked for direct records of an abortion from ten years ago, which Plaintiff had no control or possession of and provided HIPAA authorizations multiple times.

30. All NEWMAN's behaviors, including egregious abuse of discovery, were manifestly designed to harass the Plaintiff. These actions encompassed demanding unnecessary information, insisting on unreasonable deposition times, making false statements, and filing frivolous discovery motions. Furthermore, NEWMAN baselessly sought attorney fees in favor of

the Defendant Dr. KIM and attempted to artificially inflate their attorney fees. These actions constitute violations of New York Insurance Law, federal law, and the New York Professional Conduct Code.

31. Given the severity and deliberate nature of these transgressions, NEWMAN's conducts warrants disciplinary action and justifies claims for compensatory and punitive damages, as well as recovery of attorney fees and costs.

32. Defendant Dr. KIM and Hayley Newmans' law firm harmonized with NEWMAN's actions were designed to harass Plaintiff physically psychologically, and financially, and to delay the litigation process unjustly, resulting in unfairness to Plaintiff and her counsel.

33. As a result of the foregoing acts, omissions, and/or departures from good and acceptable practice on the part of the Defendants, their respective agents, servants, partners, and/or employees, the Plaintiff was injured.

## VII. CAUSES OF ACTION

**FIRST CAUSE OF ACTION: BAD FAITH UNDER NEW YORK INSURANCE LAW and NEW YORK PROFESSIONAL CODUCT CODE**
**( To Hayley Newman and her Law Firm)**

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "33" of the Complaint as if fully set forth at length therein.

35. On or before November 11, 2020, Defendant NEWMAN had been aware that Defendant Dr. KIM admitted his failure to remove Plaintiff's pregnancy, which deviated from standard of professional care of Plaintiff. Two physicians in South Korea confirmed the failure and performed the surgery to terminate the fetus. Thus, NEWMAN and Plaintiff's counsel agreed and filed discovery plan pursuant to Rule 26 (f), including Plaintiff may not hire an expert but Defendant Dr. Kim intended to hire an expert. " We agreed to serve this disclosure as well as

7

initial demands by November 19, 2020. ….6. The parties shall complete expert discovery, if necessary, by: Plaintiff may not do expert because Kim's negligence is obvious. Defendant intends to retain an expert."

36. Defendant NEWMAN was required to promptly and fairly settle as a professional conduct, as well as deceptive business practices, due to Defendant NEWMAN's failure to make a good faith attempt to effectuate a "prompt, fair and equitable settlement" of Plaintiff's claim in violation of N.Y. Ins. Law § 2601(a)(4). This constitutes a breach of Defendant's duty as an insurer to deal fairly and in good faith with the Plaintiff.

37. Defendants violated New York insurance law and New York Professional Conduct Code.

### SECOND CAUSE OF ACTION: FALSE STATEMENTS TO THE COURT
### ( To Hayley Newman and her Law Firm)

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "37" of the Complaint as if fully set forth at length therein.

39. On August 11, 2023, Defendant NEWMAN knowingly made false statements to the Court regarding the existence of an expert and the reasons for Dr. KIM's failure of termination of the pregnancy, falsely stating that Defendant's expert advised NEWMAN that Plaintiff's prior abortion of 10 years ago could be a risk of failure to remove fetus. However, Plaintiff's expert reported that the abortion from ten years ago was not related to the current failure, and the defendant Dr. KIM testified to the same.

40. The purpose of this false statement by Hayley NEWMAN was to attempt to disapprove Plaintiff's cause of action for lack of informed consent, which had already been established, filing frivolous motions, and artificially inflating her attorney fees.

41. Defendant NEWMAN, made another false statement, unprofessionally and falsely claimed to the court that Plaintiff "had two prior abortions" to attack Plaintiff's established cause of action for lack of informed consent, falsely stating that Plaintiff's knowledge of the procedure before the abortion with Dr. KIM was obviously relevant to what she knew going into the procedure.

42. Not only were the prior two abortions not true but also Plaintiff's knowledge of the procedure did not confer informed consent.

43. Defendants' actions in knowingly delaying litigation and making false statements to avoid compensating Plaintiff's damages, willfully delaying, and filing frivolous discovery motions constitute bad faith under New York Insurance Law, violation of Federal law and New York Professional Conduct Code.

### THIRD CAUSE OF ACTION: VIOLATIONS OF FRCP 26 AND PROFESSIONAL MISCONDUCT: WILLFUL DELAY & FRIVOLOUS DISCOVERY MOTIONS
(To Hayley Newman and her Law Firm)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "43" of the Complaint as if fully set forth at length therein.

45. Defendant NEWMAN violated Fed. R. Civ. P. 26(d) "there is no rule of discovery priority. Rule 26(d) mandates that "one party's initiation of discovery should not wait upon the other's completion, unless delay is dictated by special circumstance." The advisory committee's note (1970) confirms this. The magistrate judge Bloom confirmed that there is no precedence in deposition in federal courts.

46. Defendant NEWMAN continuously refused to take deposition of Defendant Dr. KIM while Plaintiff had been discussing to adjust the time of the Plaintiff's deposition from 10pm to 5am, overnight in Korea Times, which was absurd and intended to torture Plaintiff, although

Plaintiff suggested multiple alternatives. Hayley Newman insisted on deposition on Defendant Dr. KIM first, violating Rule26 (d).

47. Defendant NEWMAN abused discovery demands and improperly requested discovery, including but not limited to records Plaintiff had no control or custody over, although all records Plaintiff had obtained were submitted and provided the HIPAA authorizations multiple times. Plaintiff provided authorizations for collateral source insurance records on February 9, 2021, August 24,2021, and again January 28, 2022. This compliance was documented in Exhibits B,C and D of the opposition to the motion to dismiss. Defendant NEWMAN violated Fed. R. Civ. P. 26(g)(3).

48. The expert report, including the name of the expert, their specialties, and experience, was provided on September 12, 2021. This report was again sent on January 28, 2022, to ensure full compliance with the court's directive. Nonetheless Defendant Hayley NEWMAN repeatedly requested a separate report of the expert's name, specialties and experience, while Defendant failed to provide Defendant's expert report that she agreed to provide on November 11, 2020.

49. Plaintiff testified about her work and earnings before and after the incident on November 27, 2017, explaining she worked 3-4 days a week prior to the incident and got paid KRW 10,000 per hour. The Plaintiff's attorney proposed that the lost wages be calculated based on minimum wage due to lack of income records prior to the incident. However, Defendant Hayley NEWMAN abused this discovery demand repeatedly Plaintiff's prior non- existent income records before the incident and filed frivolous motions. This information is not material and necessary discovery to this action.

50. During the August 11, 2021, discovery conference, the transcript clearly shows Plaintiff's commitment to fulfilling discovery obligations. Nonetheless Hayley NEWMAN kept filing frivolous motions.

51. Influenced Defendant's Hayley NEWMAN's false statements, abuse of discovery demands, and frivolous discovery motions, the district court ordered discovery sanctions to dismiss the complaint, instead of Defendant's motion to compel, which should have been moot since the Defendant NEWMAN admitted she received all the claimed discovery. Thus, Defendant NEWMAN violated Rule 26 and New York Professional Conduct Code.

**FOURTH CAUSE OF ACTION: SANCTIONS, ATTORNEY FEES, PUNITIVE DAMAGES**
**(To Hayley Newman and her Law Firm)**

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "51" of the Complaint as if fully set forth at length therein.

53. Defendant NEWMAN knowingly made false statements, filed frivolous motions, caused unnecessary delays, and requested baseless attorney fees, justifying sanctions, attorney fees, and punitive damages. Defendant's professional misconduct has caused substantial harm to the Plaintiff, warranting appropriate remedies and sanctions.

**FIFTH CAUSE OF ACTION: MEDICAL MALPRACTICE**
**(to Dr. KIM)**

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "53" of the Complaint as if fully set forth at length herein.

55. Defendant Dr. KIM, failed to perform the surgical procedure with the requisite level of care and skill expected of a competent physician, directly resulting in harm to Plaintiff.

## SIXTH CAUSE OF ACTION: FRADURANT MISREPRESENTATION
### (to Dr. KIM)

56. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" of the Complaint as if fully set forth at length herein.

57. Defendant Dr. KIM fraudulently misrepresented that Plaintiff had two prior abortions to utilize Plaintiff's knowledge of the procedures to avoid a claim for lack of informed consent.

58. Dr. Kim intentionally misrepresented the status of the medical procedure that failed to remove the fetus and misled Plaintiff by stating there was only a tiny residue instead of the fetus being alive, upon which Plaintiff reasonably relied to her detriment.

## VIII. REQUEST FOR RECUSAL

59. Plaintiff respectfully requests the recusal of Magistrate Judge Bloom and District Judge Chen from this case due to perceived bias and potential conflicts of interest, which have contributed to the unfair handling of Plaintiff's underlying claims and delays in the litigation process.

## IX. PRAYER FOR RELIEF

60. Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial, reimbursement for all expenses, legal costs, and any other relief the Court deems just and proper.

**WHEREFORE,** Plaintiff demands judgment against each Defendant in the amount of ONE MILLION DOLLARS ($1,000,000.00), together with the costs and disbursements of this action, punitive damages, attorney fees, and costs, individually and separately.

Dated: Uniondale, NY
       July 9, 2024

                                  JSL LAW OFFICE P.C.

                                  _____
                                  JAE S. LEE
                                  626 RXR PLAZA
                                  UNIONDALE, NY 11556

To:
HAYLEY B. NEWMAN
99 Park Avenue
New York, NY 10016

HEIDEL, PITTONI, MURPHY & BACH, LLP
99 Park Avenue
New York, NY 10016

DAVID DENNIS KIM, M.D.
143-16 Sanford Ave
Flushing, New York 11355