UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MINHYE PARK,

      Plaintiff,

   - against -

HAYLEY B. NEWMAN, ESQ., *et al.*,

      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-4770 (PKC) (CHK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Minhye Park filed the instant action on July 9, 2024 against Defendants Hayley B. Newman, Esq. ("Newman") and Newman's law firm, Heidell, Pittoni, Murphy & Bach, LLP ("HPMB"), alleging professional misconduct in connection with a separate action that Plaintiff had brought against Defendant David Dennis Kim, M.D. ("Dr. Kim") for medical malpractice. (*See* Compl., Dkt. 1, ¶¶ 1, 6–21.)  Defendants have moved to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) in two separate motions.  (Newman & HPMB's Mot. to Dismiss, Dkt. 38; Dr. Kim's Mot. to Dismiss, Dkt. 41.)  For the reasons stated below, both motions are granted in full and this case is dismissed in its entirety.

**BACKGROUND**

**I. Plaintiff's 2020 Medical Malpractice Lawsuit**

On June 13, 2020, Plaintiff brought a medical malpractice lawsuit against Dr. Kim before this Court (the "2020 Action").  *See* Compl., *Park v. Kim*, 20-CV-2636 (PKC) (LB) (E.D.N.Y. Aug. 24, 2022) ("*Park I*"), Dkt. 1.  Newman, along with several other HPMB attorneys, represented Dr. Kim in the 2020 Action.  *See* Notice of Appearance, *Park I*, Dkt. 6; Notice of Appearance, *Park I*, Dkt. 8; Notice of Appearance, *Park I*, Dkt. 10.

Plaintiff, a South Korean citizen and resident, claimed that she had seen Dr. Kim for a medical consultation in November 2017.  Compl., *Park I*, Dkt. 1, ¶¶ 5–6, 11–14.  A few days after her initial consultation, Dr. Kim allegedly performed an abortion on her, which Plaintiff claims "was not in accordance with accepted standards of good and accepted removal fetus surgery."  *Id.* ¶ 16.  Plaintiff thereafter returned to South Korea, where a physician allegedly told her that she was nine weeks pregnant, leading to Plaintiff having a second abortion procedure.  *Id.* ¶¶ 18–19. Plaintiff then filed the medical malpractice suit against Dr. Kim, alleging that he had been negligent and had deviated from accepted medical practices.  *See id.* ¶¶ 20, 22.

On October 22, 2020, Newman filed Dr. Kim's answer as his counsel.  Answer at 6, *Park I*, Dkt. 7; Notice of Appearance, *Park I*, Dkt. 6.  The case proceeded to discovery, during which Plaintiff and Dr. Kim exchanged accusations of non-compliance with Court orders and discovery requirements.  *See* Report and Recommendation ("R&R") at 2–3, *Park I*, Dkt. 40.  On March 4, 2022, Dr. Kim moved to dismiss on the basis of Plaintiff's alleged noncompliance with discovery. *See* Mot. to Dismiss, *Park I*, Dkt. 35, at ECF[1] 7–8.  On March 15, 2022, Plaintiff filed a motion for sanctions accusing Dr. Kim of the same.  Mot. for Sanctions, *Park I*, Dkt. 38; Mem. in Supp. of Mot. to Dismiss at 1–3, *Park I*, Dkt. 35-3.

On April 25, 2022, the presiding Magistrate Judge, the Honorable Lois Bloom, issued a R&R recommending that the Court grant Dr. Kim's motion to dismiss and deny Plaintiff's motion for sanctions.  *See* R&R, *Park I*, Dkt. 40.  On August 24, 2022, the Court adopted Judge Bloom's R&R and dismissed Plaintiff's lawsuit against Dr. Kim.  *See* Order Adopting R&R, *Park I*,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Dkt. 44. Plaintiff appealed the dismissal, which was affirmed by the Second Circuit on January 30, 2024. *See* Notice of Appeal, *Park I*, Dkt. 47; Order of USCA, *Park I*, Dkt 48.

## II.     Plaintiff's Instant Allegations Against Defendants[2]

Plaintiff's instant Complaint reiterates several of the same allegations relating to her consultations with Dr. Kim in November of 2017. (*See* Compl., Dkt. 1, ¶¶ 10–16.) She also claims that during the 2020 Action, Newman engaged in "professional misconduct by filing frivolous motions, making false statements to the court, and delaying the litigation process to avoid compensating Plaintiff for her damages." (*Id.* ¶ 18.) She claims that HPMB was "integral to the misconduct," (*id.* ¶ 21), as it "endors[ed] [Newman's] actions, fail[ed] to supervise [Newman's] conduct adequately, and allow[ed] continued abuse of legal procedures designed to harass and harm the Plaintiff," (*id.* ¶ 19–20).

Specifically, Plaintiff first complains about the allegedly false representations that Newman made to the Court, including that Plaintiff came to New York in November 2017 with the intent to get an abortion, that Plaintiff's abortion procedure ten years earlier could have caused the issues in the procedures with Dr. Kim, and that Plaintiff had had two prior abortions. (*Id.* ¶¶ 23–26.) Plaintiff also complains about Newman's scheduling of depositions, claiming that Newman denied Plaintiff's request to depose Dr. Kim first and that Newman scheduled Plaintiff's deposition during nighttime in South Korea (where Plaintiff was at the time). (*Id.* ¶¶ 27–28.) Finally, Plaintiff complains of Newman's demands for "non-existent prior year income records [for Plaintiff]" and "direct" records of Plaintiff's abortion ten years prior, and that Newman had

---

[2] For the purpose of deciding Defendants' motions, the Court accepts all non-conclusory factual allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)).

requested information about Plaintiff's expert "despite having agreed . . . that Plaintiff would not hire an expert." (*Id.* ¶ 29.)

Plaintiff asserts five causes of action in the Complaint[3]:

First Cause of Action: Defendants Newman and HPMB "fail[ed] to make a good faith attempt to effectuate a 'prompt, fair and equitable settlement' of Plaintiff's claim in violation of N.Y. Ins. Law § 2601(a)(4)." (*Id.* ¶¶ 34–37.)

Second Cause of Action: Defendants Newman and HPMB made "false statements to the Court," which "constitute bad faith under New York Insurance Law, [and] a violation of Federal law and New York Professional Conduct Code." (*Id.* ¶¶ 38–43.)

Third Cause of Action: Defendants Newman and HPMB violated Federal Rule of Civil Procedure 26 and the New York Professional Code for "false statements, abuse of discovery demands, and frivolous discovery motions." (*Id.* ¶¶ 44–51.)

Fourth Cause of Action: Seeking sanctions, attorneys' fees, and punitive damages based on the conduct alleged in the Third Cause of Action. (*Id.* ¶¶ 52–53.)

Fifth Cause of Action: Reiterating Plaintiff's 2020 Action claim against Dr. Kim, stating that he "failed to perform the surgical procedure with the requisite level of care and skill." (*Id.* ¶¶ 54–55.)

Sixth Cause of Action: Dr. Kim "fraudulently misrepresented that Plaintiff [had] had two prior abortions" and "intentionally misrepresented the status of the [November 2017] medical procedure." (*Id.* ¶¶ 56–58.)[4]

---

[3] It is difficult to discern the precise allegations and legal authority, and the connection between them, in the Complaint due to confusing grammar and sentence structure.

[4] The Complaint does not identify any legal basis for the Sixth Cause of Action against Dr. Kim; it simply sets forth the two factual allegations about Dr. Kim making misrepresentations. (Compl., Dkt. 1, ¶¶ 56–58.)    The Complaint also fails to identify when these alleged misrepresentations occurred, but the Court infers that it was during the course of the 2020 Action given Plaintiff's similar allegations against Newman and HPMB in her Second Cause of Action with specific date references that place these events during the 2020 Action. (*Id.* ¶¶ 38–43.)

Plaintiff "demands judgment against each Defendant in the amount of ONE MILLION DOLLARS ($1,000,000.00), together with the costs and disbursements of this action, punitive damages, attorney fees, and costs, individually and separately." (*Id.* ¶ 60.)[5]

### III.    Filing History

On December 20, 2024, the Court set the briefing schedule for Defendants' anticipated motions to dismiss. (*See* 12/20/2024 Dkt. Order.) On April 10, 2025, Defendants Newman and HPMB filed their motion to dismiss. (Newman & HPMB's Mot. to Dismiss, Dkt. 38.) The same day, Dr. Kim filed his own motion. (Dr. Kim's Mot. to Dismiss, Dkt. 41.) To date, the Court has not received any opposition from Plaintiff to either motion.

### LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing a complaint's sufficiency, a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Sacerdote*, 9 F.4th at 106–07 (citing *Palin*, 940 F.3d at 809). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although courts assume that factual allegations contained

---

[5] Plaintiff's Complaint also includes a request for "the recusal of Magistrate Judge Bloom and District Judge Chen." (Compl., Dkt. 1, ¶ 59.) The Court has already denied this request multiple times, (*see* 11/12/2024 Dkt. Order (denying request for "recusal of the Court and [Judge] Bloom"); 12/17/2024 Dkt. Order (denying same request); 12/20/2024 Dkt. Order (denying reconsideration of recusal denial); 04/18/2025 Dkt. Order (denying same recusal request)), and finds no reasons to re-visit those prior denials.

in the complaint are true, this solicitude "does not extend 'to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**I.    Plaintiff's Claims Against Dr. Kim are Barred by Claim Preclusion**

**A.    Legal Standard**

"The preclusive effect of a judgment rendered by a federal court sitting in diversity . . . is determined by the law of the state in which the rendering court sat." *Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, 66 F.4th 365, 371 (2d Cir. 2023) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). The Court had diversity jurisdiction over the 2020 Action, and it sat in New York. *See* Compl., ¶ 2, *Park I*, Dkt. 1; R&R at 8 n.6, *Park I*, Dkt. 40; Order Adopting R&R, *Park I*, Dkt. 44. Accordingly, New York law governs whether the 2020 Action precludes this Court from considering Plaintiff's claims in this case.

Under New York law, "[t]he doctrine of *res judicata* precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject." *Cartagena v. Lee*, 158 N.Y.S.3d 855, 856 (2d Dep't 2022) (quoting *Josey v. Goord*, 9 N.Y.3d 386, 389 (2007)). "Importantly, the claim preclusion rule extends beyond attempts to relitigate identical claims," and "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021) (citation omitted). The *res judicata* doctrine seeks to "ensure finality, prevent vexatious litigation and promote judicial economy." *Id.* But, to avoid "considerable injustice," in determining "whether two claims arise out of the same transaction or series of transactions, . . . courts should analyze whether the claims turn on facts that are related in time,

space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment

as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citations

and internal quotation marks omitted).

### B.        Application to Plaintiff's Claims Against Dr. Kim

Plaintiff's Fifth Cause of Action—relating to Dr. Kim's alleged "fail[ure] to perform the

surgical procedure with the requisite level of care and skill"—is duplicative of her claims in the

2020 Action, and her Sixth Cause of Action—relating to Dr. Kim's alleged misrepresentations

during the 2020 Action regarding that medical procedure—arises from Plaintiff's medical

consultation with Defendant Kim in November of 2017. (*See* Compl., Dkt. 1, ¶¶ 10–17 (providing

2020 Action background for instant claims), 54–58 (discussing Fifth and Sixth Causes of Action).)

There is no distinction between the "transactions" alleged in the Fifth and Sixth Causes of Action

and the ones that were at issue (and ultimately dismissed) in the 2020 Action. (*Compare id.* ¶¶ 10–

17 (describing the 2017 medical consultation)), *with*, Compl., ¶¶ 12–24, *Park I*, Dkt. 1 (same).

Those claims were adjudicated on the merits in the 2020 Action. *See generally* R&R, *Park I*,

Dkt. 40; Order Adopting R&R, *Park I*, Dkt. 44. Plaintiff's inclusion of these claims against Dr.

Kim is plainly an improper attempt to "relitigate" them, *Weldon v. United States*, 845 F. Supp. 72,

80 (N.D.N.Y. 1994), *aff'd*, 70 F.3d 1 (2d Cir. 1995).[6]  Thus, to "ensure finality, prevent vexatious

---

[6] To the extent Plaintiff seeks to avoid the Court's judgment in the 2020 Action, the Court understands her to do so under Rule 60(b), which allows a Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1). Putting aside whether such a motion should have been made in the 2020 Action, "it is well settled that a party seeking relief in an independent action for fraud under Rule 60(b) must establish that she had 'no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action,'" and "[s]uch an action cannot stand if it is merely an attempt to relitigate the case." *Weldon*, 845 F. Supp. at 80 (collecting cases). As demonstrated in the discussion above, Plaintiff had ample opportunity to litigate Rule 60 motions in the 2020 Action (and to some extent, sought to do so).

litigation and promote judicial economy," *Simmons*, 37 N.Y.3d at 111, the Fifth and Sixth Cause of Action are dismissed in their entirety.[7]

## II.        Plaintiff's Claims Against Newman and HPMB are Legally Insufficient

The First, Second, Third, and Fourth Causes of Action against Newman and HPMB all fail to state cognizable claims.  The Court addresses each in turn.

### A.        First Cause of Action: Failure to Attempt Settlement of the 2020 Action

In the First Cause of Action, Plaintiff claims that Defendants Newman and HPMB violated N.Y. Ins. Law § 2601(a)(4) by breaching their alleged duty "to make a good faith attempt to effectuate a 'prompt, fair and equitable settlement.'"  (Compl., Dkt. 1, ¶ 36.)  N.Y. Ins. Law § 2601(a)(4) covers "unfair settlement practices" and it applies only to New York insurers.  *See* N.Y. Ins. Law § 2601(a) (stating that "[n]o *insurer* doing business in this state shall engage in unfair claim settlement practices" and listing acts by an insurer that qualify as such "if committed without just cause and performed with such frequency as to indicate a general business practice" (emphasis added)).  Although Plaintiff states in passing that Newman "breach[ed] [her] duty as an insurer," nothing in the Complaint establishes that Newman is an insurer or that she represented an insurer in the 2020 Action.  Accordingly, Plaintiff has not stated a claim under New York Insurance Law.

Plaintiff also points to the New York Professional Conduct Code or the "Rules of Professional Conduct" (the "RPC") in her First Cause of Action.  (Compl., Dkt. 1, ¶ 37.)  Even assuming *arguendo* that the RPC imposed a duty on Newman and HPMB to settle the 2020 Action,

---

[7] As discussed, the Complaint fails to allege any legal basis for the Sixth Cause of Action. *See* discussion *supra* n.4.  To the extent Plaintiff claims that Dr. Kim is liable for allegedly making false statements under the same legal theories identified in the Second Cause of Action against Newman and HPMB, Plaintiff fails to state a claim against Dr. Kim for the same reasons as discussed below.

"a violation of the Rules of Professional Conduct, in itself, does not give rise to a private cause of action against an attorney or law firm." *See Doscher v. Meyer*, 112 N.Y.S.3d 237, 240 (2d Dep't 2019) (collecting cases); *Jacobson v. Seddio*, 208 N.Y.S.3d 36, 38 (2d Dep't 2024) ("[T]here is no private cause of action for violation of the RPC." (citation omitted)); *Kallman v. Krupnick*, 891 N.Y.S.2d 490, 493 (3d Dep't 2009) ("[T]he violation of a disciplinary rule does not, without more, generate a cause of action." (citation omitted)).

Because Plaintiff offers no other basis for Defendant Newman's alleged duty to negotiate a settlement, Plaintiff's First Cause of Action is dismissed.

**B.        Second Cause of Action: Abuse of Discovery Process and Misrepresentations**

In her Second Cause of Action, Plaintiff claims that Newman made false representations to the Court during the 2020 Action about the status of Dr. Kim's abortion procedure on Plaintiff and about Plaintiff's abortion history and intent in coming to New York. (*See id.* ¶¶ 38–43.) These allegations do not amount to a cognizable claim.

The Complaint points only to New York Insurance Law, the RPC, and the Federal Rules of Civil Procedure (the "FRCP") as the legal bases for the Second Cause of Action. (*Id.* ¶ 43.) As discussed, New York Insurance Law plainly does not apply to Defendants Newman and HPMB, and an alleged violation of the RPC "does not give rise to a private cause of action against an attorney or law firm." *See* discussion *supra* Part II.A (quoting *Doscher*, 112 N.Y.S.3d at 240). The FRCP is equally unavailing. Plaintiff's Complaint identifies Rule 26 and Rule 27 as the bases for the Second Cause of Action. (*See* Compl., Dkt. 1, ¶¶ 23–26; 27–28.) But as with the RPC, violations of "the [FRCP] do not create a private right of action." *Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015) (citing *In re Baldwin–United Corp.*, 770 F.2d 328, 335 (2d Cir. 1985)); *see* 28 U.S.C. § 2072(b) ("Rules of procedure and evidence . . . shall not abridge, enlarge

or modify any substantive right."); *George & Co. LLC v. Spin Master Corp.*, No. 19-CV-4391 (RPK) (SJB), 2020 WL 3865098, at *8 (E.D.N.Y. July 7, 2020) (collecting cases).

The Second Cause of Action also refers obliquely to a violation of "Federal Law." (Compl., Dkt. 1, ¶¶ 38–43.)  However, the Complaint fails to identify which federal law Newman and HPMB allegedly violated, and the Court is not obligated to find one.  *See Andrews v. Citimortgage, Inc.*, No. 14-CV-1534 (JS) (AKT), 2015 WL 1509511, at *3 (E.D.N.Y. Mar. 31, 2015) ("[T]he Court will not comb through federal . . . law[] to determine whether the allegations of the Complaint implicate a particular federal statute."); *see also Iosilevich v. TD Bank, N.A.*, No. 20-CV-1515 (RPK) (LB), 2021 WL 7709508, at *2 (E.D.N.Y. Feb. 9, 2021) ("To state a claim, a complaint must 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" (quoting *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)).

Accordingly, Plaintiff's Second Cause of Action is dismissed for failure to state a claim.[8]

---

[8] The Court also notes that Plaintiff could have, and actually did, raise several of the allegations she now raises about Newman in the 2020 Action.  *See* Mot. Sanctions, *Park I*, Dkt. 25 (seeking sanctions based on same alleged misrepresentations).  During the 2020 Action, Plaintiff complained about Defendant Newman making false representations regarding Plaintiff's abortion history and intent in coming to New York, and about Newman not handling the deposition schedule appropriately.  *See id.*  However, when Plaintiff was given an opportunity to move for sanctions, she did not include her complaints about Newman and instead focused on alleged failures by Dr. Kim to comply with discovery orders.  *See* Mot. Sanctions, *Park I*, Dkt. 38 (seeking sanctions "for discovery non-compli[ance]").  Thus, Plaintiff had the opportunity to pursue her complaints about Newman in the 2020 Action, but abandoned them.  The Court cannot now consider complaints that were not filed when Plaintiff could have done so.  *See Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 55 (2d Cir. 2017) (summary order) (denying challenge where party "failed to preserve [it] . . . by failing to file timely, specified objections to the magistrate judge's ruling") (first citing Fed. R. Civ. P. 72(a); then citing *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993)).

## C.      Third Cause of Action: Abuse of Discovery Process

In her Third Cause of Action, Plaintiff claims that Defendants Newman and HPMB abused the discovery process by insisting on certain discovery schedules, requesting information previously shared, filing frivolous motions, and requesting records that "Plaintiff had no control or custody over" or that were non-existent.  (*See* Compl., Dkt. 1, ¶¶ 45–50.)  Again, however, Plaintiff relies on the FRCP and the RPC as the legal bases for these claims.  (*See id.*)  For the reasons previously discussed, neither gives rise to a private cause of action.

Accordingly, Plaintiff's Third Cause of Action is dismissed for failure to state a claim.

## D.      Fourth Cause of Action: Request for Sanctions, Attorneys' Fees and Punitive Damages

Because Plaintiff's Fourth Cause of Action simply seeks sanctions, attorneys' fees, and punitive damages based on the same allegations in the Third Cause of Action, (*see id.* ¶¶ 52–53), it, too, is dismissed.

## CONCLUSION

For the reasons described herein, Defendants' motions to dismiss are granted, and Plaintiff's Complaint is dismissed in its entirety.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.  This decision does not disturb the Court's other orders in this case denying Plaintiff's recusal requests.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  March 30, 2026
        Brooklyn, New York

11