UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MINHYE PARK,

                   Plaintiff,

           - against -

HAYLEY B. NEWMAN, ESQ., *et al.*,

                  Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-4770 (PKC) (CHK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Minhye Park filed the instant action on July 9, 2024 against Defendants David Dennis Kim, M.D., Hayley B. Newman, Esq. and Newman's law firm, Heidell, Pittoni, Murphy & Bach, LLP, alleging professional misconduct in connection with a separate action that Plaintiff had brought against Defendant Kim for medical malpractice. (*See* Compl., Dkt. 1, ¶¶ 1, 6–21.) On March 30, 2026, the Court granted Defendants' motions to dismiss this action under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and the Clerk of Court entered judgment closing this case the following day. (Mem. & Order, Dkt. 47; Clerk's J., Dkt. 48.) Plaintiff now moves to vacate the judgment and to have this case re-assigned to another judge. (Mot. to Vacate J., Dkt. 49.) For the reasons stated below, the motion is denied.

## DISCUSSION

I.     **Vacatur**

     A.     **Legal Standard**

Plaintiff seeks vacatur of the Court's decision under Rule 59(e) and Rule 60(b). (Mot. to Vacate J., Dkt. 49, at 2.) The former allows a court to alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135,

153 (2d Cir. 2008)).  But a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *4 Pillar Dynasty LLC v. N.Y. & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

For its part, Rule 60(b) "authorizes a court to grant relief from a judgment on specific grounds such as mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been discovered earlier with reasonable diligence; fraud, misrepresentation, or misconduct by the opposing party; and a void, satisfied, released, or discharged judgment." *In re Emmons-Sheepshead Bay Dev., LLC*, 662 F. App'x 100, 103 (2d Cir. 2016) (summary order) (citing Fed. R. Civ. P. 60(b)); *see New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  Although "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments," and "it should be broadly construed to do substantial justice, . . . final judgments should not be lightly reopened." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

### B.    Plaintiff's Asserted Grounds for Vacatur

#### 1.    Alleged Improper Basis for Court's Memorandum & Order

Plaintiff argues that in dismissing this case, the Court "relied on the absence of [Plaintiff's] docketed opposition [to Defendants' motions to dismiss] as dispositive." (*See* Mot. to Vacate J., Dkt. 49, at 2.)  This is patently incorrect.  As is clear from the Court's Memorandum & Order, the Court did not rely on the lack of opposition to Defendants' motions, but instead extensively and substantively considered Defendants' arguments in support of their motions, ultimately dismissing the Complaint based on the merits of those arguments.  (*See generally* Mem. & Order, Dkt. 47.)

2

2.      Alleged "Nonstandard Procedural Structure" Relating to Briefing of Defendants' Motions to Dismiss

Plaintiff argues that with respect to the briefing of Defendants' motions to dismiss, "the Court imposed a nonstandard procedural structure that materially altered the operation of motion practice," and that the Court's dismissal of Plaintiff's complaint "cannot be reconciled with the requirement that litigants be afforded notice and a meaningful opportunity to be heard." (Mot. to Vacate J., Dkt. 49, at 2; *see also id.* at 6 (raising the argument under the Due Process Clause of the Fourteenth Amendment).) Again, this argument is patently incorrect.

a.      5:00 P.M. Deadline

First, Plaintiff complains that "the Court imposed a strict 5:00 p.m. filing deadline," instead of "Rule 6(a)(4)'s default midnight deadline."[1] (*Id.* at 7.) Plaintiff also notes that the Court's NextGen CM/ECF electronic filing system "permits filings through 11:59 p.m." (*Id.*) Plaintiff claims the Court-imposed deadline of 5:00 p.m. "shortened the filing window by several hours and imposed a materially stricter temporal constraint than that contemplated by the Federal Rules," thus "limit[ing] [her] ability to prepare and submit filings within the ordinary course of federal litigation." (*Id.*) This argument is frivolous.

As the Court has previously explained to Plaintiff, (*see* 12/09/2024 Dkt. Order; 12/17/2024 Dkt. Order), the Court's imposition of a 5:00 p.m. filing deadline is entirely consistent with Rule 6(a)(4), which expressly states that the rule does not apply if "a different time is set by a

---

[1] Although the Court's orders in this case did not explicitly impose a 5:00 p.m. filing deadline for Plaintiff's opposition to Defendants' motions, (*see* 12/20/2024 Dkt. Order (setting the relevant briefing schedule)), the Court's Individual Rules do as a default, (*see* Individual Rule 1.F ("All submissions must be filed by **5:00 p.m. (EST)** on the day of the filing deadline to be considered timely.")). Throughout this litigation, because Plaintiff, inexplicably, resisted this deadline, (*see, e.g.*, Dkt. 17), the Court has had to remind her of it, (*see, e.g.*, 12/09/2024 Dkt. Order; 12/17/2024 Dkt. Order; 12/18/2024 Dkt. Order).

3

statute, local rule, or court order." Fed. R. Civ. P. 6(a)(4).  Additionally, the fact that the ECF system allows litigants to file until 11:59 p.m. is irrelevant and does not affect the Court's authority to impose a time-specific filing deadline.  As the Court has previously explained to Plaintiff, the "NextGen CM/ECF User's Guide . . . does not 'govern' the filing of documents." (*See* 12/17/2024 Dkt. Order.)  Lastly, the notion that a 5:00 p.m. filing deadline imposed a materially stricter temporal constraint than contemplated by the Federal Rules is almost nonsensical, given that under the Court-imposed deadline, Plaintiff had *over three months* to serve or file her opposition to the motion to dismiss, (*see* 12/20/2024 Dkt. Order (setting March 31, 2025 deadline for Plaintiff's opposition papers, six weeks after the Defendants' opening briefs)).  Seven fewer hours over the course of 90 days plainly is not a "materially stricter temporal constraint" as Plaintiff claims.  (Mot. to Vacate J., Dkt. 49, at 7.)

Accordingly, Plaintiff knew or should have known that the Court's orders controlled and that she was required to file her opposition by 5:00 p.m. on March 31, 2025.  Instead, Plaintiff neither served nor filed any opposition to Defendants' motions to dismiss.  (*See* 04/07/2025 Dkt. Order (noting that Plaintiff failed to file her cover letter showing service of her opposition on March 31, 2025 and *sua sponte* granting her an extension to April 11, 2025 to do so).)  Nor did Plaintiff seek an extension in which to do so.  (*See* Individual Rule 1.G (providing procedures for litigants to seek adjournments or enlargements of time).)

b.      "Staged Filing Procedure"

Plaintiff's second complaint about procedural constraints is based on what she describes as the Court "direct[ing] a staged filing procedure . . . under which motion papers were to be served but not filed on the docket until briefing was complete."  (Mot. to Vacate J., Dkt. 49, at 7.)  However, as Plaintiff acknowledges, the Court merely encouraged that practice and did not mandate it. (*See id.* at 4 ("[T]he parties were *encouraged* not to file motion papers on ECF until

4

fully briefed." (emphasis added).)  Furthermore, Plaintiff fails to explain how this "staged" filing procedure prevented her from filing an opposition or interfered with her ability to do so.

### 3. Alleged Preclusion from Filing Summary Judgment Motion

Plaintiff also claims that the Court precluded her from filing a motion for summary judgment, which "directly determined the outcome of the case." (*See id.* at 8–10.)  Yet again, this argument is belied by the record, which shows that the Court only "denied Plaintiff's pre-motion conference [request] for an anticipated motion for summary judgment as premature given [Defendants'] pending motions to dismiss." (12/11/2024 Dkt. Order.)  Plaintiff could have moved for summary judgment after the resolution of Defendants' motions to dismiss if those motions had been denied, but because the Court found that Plaintiff had failed to even state a claim on which relief could be granted, there was no reason for, or possibility of, such a motion succeeding.  Thus, given that Plaintiff's claims could not even survive a motion to dismiss, there is no merit to Plaintiff's argument that a summary judgment motion would have been outcome-determinative or that the Court improperly denied her the opportunity to file one.

\* \* \*

Having considered Plaintiff's arguments, the Court finds that Plaintiff has presented no equitable basis to grant vacatur of the Court's dismissal of this case.

## II. Re-Assignment

Finally, Plaintiff again seeks reassignment of this case, (*see* Mot. to Vacate J., Dkt. 49, at 15–16), presenting no new basis for the Court to reconsider its previous repeated denials of that same request, (*see* 11/12/2024 Dkt. Order; 12/17/2024 Dkt. Order; 12/20/2024 Dkt. Order; 04/18/2025 Dkt. Order).  Furthermore, this case is closed and remains closed.  Thus, the Court denies Plaintiff's request for reassignment of this closed matter.

5

**CONCLUSION**

For the reasons explained in this Memorandum & Order, Plaintiff's motion to vacate the judgment in this case and to have this case reassigned, (Dkt. 49), is denied.  Accordingly, this case shall remain closed.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: April 21, 2026
       Brooklyn, New York